UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS,<br><br>  Plaintiff,<br><br>  v.<br><br>ROB BONTA, *et al.*,<br><br>  Defendants. | Case No. 2:22-cv-01157-TLN-JDP (PS)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ALIAS SUMMONS AND DIRECTING HIM TO SHOW CAUSE WHY HIS CLAIMS AGAINST DEFENDANTS BONTA AND SANCHEZ SHOULD NOT BE DISMISSED FOR FAILURE TO EFFECT SERVICE<br><br>RESPONSE DUE WITHIN FOURTEEN DAYS<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT JONES'S MOTION TO DISMISS BE GRANTED AND PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS<br><br>ECF Nos. 5, 10, & 12 |

Plaintiff, proceeding without counsel, commenced this action against Rob Bonta, the California Attorney General, Scott Jones, the Sheriff of Sacramento, and Guadalupe Sanchez, the manager of the California Sex Offender Registry. Plaintiff alleges that defendants violated his constitutional rights by enforcing and implementing a recently amended California law that eliminated his ability to apply for an exemption from registering as a sex offender. Pending before the court are defendant Jones's motion to dismiss and plaintiff's motion for injunctive

relief.[1]  I recommend granting defendant Jones's motion to dismiss and denying plaintiff's motion for injunctive relief.[2]  I will grant plaintiff an opportunity to amend his complaint to cure the deficiencies noted herein.

## I. Factual Allegations

Plaintiff alleges that defendants Bonta, Jones, and Sanchez violated his First, Fourth, and Fourteenth Amendment rights by enforcing and implementing California Senate Bill 384, which amended California Penal Code section 290.46, effective January 1, 2022.  ECF No. 8 at 5-6.  According to the first amended complaint, the amendment to section 290.46 constitutes an ex post facto law, a bill of attainder, and impairs the obligations of contracts.  *Id.*  Attached to the complaint is a letter from defendant Sanchez, the manager of the California Sex Offender Registry for the California Attorney General's Office.  *Id*. at 9-10.  The letter states that although plaintiff was previously granted an exclusion from having his information displayed on California's Megan's Law Internet site, he is no longer entitled to an exclusion under the recent amendment to section 290.46.  *Id*.

## II. Motion to Dismiss

### A. Legal Standard

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it

---

[1] Plaintiff also filed a motion styled as a motion for alias summons.  ECF No. 5.  Plaintiff named Jim Cooper, the incoming Sacramento Sheriff, as a defendant.  *Id.*  An amended summons issued after plaintiff filed this motion, and defendant Jones has appeared.  Accordingly, plaintiff's motion is denied as unnecessary.

[2] As discussed in greater detail below, defendants Bonta and Sanchez have not appeared, and the docket reflects that they have not yet been properly served.

2

1    requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at
2    678.
3         For purposes of dismissal under Rule 12(b)(6), the court generally considers only
4    allegations contained in the pleadings, exhibits attached to the complaint, and matters properly
5    subject to judicial notice, and construes all well-pleaded material factual allegations in the light
6    most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710
7    F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  The court
8    construes a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972)
9    (per curiam), and will only dismiss a pro se complaint "if it appears beyond doubt that the
10   plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Hayes*
11   *v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d
12   903, 908 (9th Cir. 2014)).
13        Dismissal under Rule 12(b)(6) can be based on either: (1) lack of a cognizable legal
14   theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d
15   at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the
16   claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).
17        **B. Discussion**
18        Jones advances two arguments.  First, he argues that plaintiff's claims, which are brought
19   against defendants in their official capacity, rest solely on conclusory allegations that fail to
20   establish that plaintiff's civil rights were violated pursuant to a policy or custom.  Second, he
21   argues that he is immune from liability under California law. ECF No. 10-1 at 3, 6.
22        To state a claim under § 1983, a plaintiff must allege that a defendant acting under color
23   of state law caused a deprivation of a right secured by federal law. *Soo Park v. Thompson*, 851
24   F.3d 910, 921 (9th Cir. 2017).  An official capacity claim against a government employee is, for
25   all intents and purposes, a claim against the employing government entity. *Larez v. City of L.A.*,
26   946 F.2d 630, 646 (9th Cir. 1991).  A government entity cannot be held liable under § 1983 for
27   the acts of its employees solely on a respondeat superior theory. *Monell v. Dep't of Soc. Servs. of*
28   *City of N.Y.*, 436 U.S. 658, 691 (1978).  Vicarious liability attaches to a municipality only when

3

the municipality itself causes the constitutional violation at issue, which occurs only when the harm results from the municipality's policy or custom. *See id.* at 694 ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). To satisfy *Monell*'s requirements, a plaintiff must identify a policy or custom, connect the policy or custom to the city itself, and show that an injury was incurred because of the execution of that policy or custom. *See Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006).

Plaintiff's first amended complaint consists almost entirely of legal conclusions, with only a few vague factual allegations. With respect to Jones, plaintiff's only allegation is that he violated plaintiff's constitutional rights by enforcing and implementing California Penal Code section 290.46. That allegation is too vague and conclusory to apprise defendant of the factual basis for each of plaintiff's claims. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Accordingly, plaintiff's official capacity claims against Jones should be dismissed with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (holding that district courts must afford pro se litigants an opportunity to amend if it appears possible that they can correct the deficiencies in their complaints).[3]

**III.    Motion for Injunctive Relief**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th

---

[3] Because plaintiff's claims must be dismissed for failure to state a claim, I decline to address Jones's argument that he is immune from liability.

4

Cir. 2011). In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). A permanent injunction may be granted only after a final hearing on the merits. *See MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 520 (9th Cir. 1993) ("As a general rule, a permanent injunction will be granted when liability has been established . . . .").

Plaintiff moves to enjoin defendants "from engaging in any further unlawful violations of the United States Constitution and all federal laws and status." ECF No. 12 at 4. He states that he "has been irreparably harmed by actions of Defendant (s) and their counsel LONGYEAR & LAVRA, LLP by actions carried out on October 27, 2022." *Id.* at 3. He also claims that the October 27 actions were "done in retaliation of Plaintiff's filing on October 25, 2022 in related action 2:22-cv-1157-TLN-AC."[4] *Id.* Plaintiff does not indicate what occurred on October 27 or explain how he was harmed.

Aside from the vague reference to irreparable harm, plaintiff's motion does not address the remaining *Winter* factors, and it is his burden to demonstrate that these factors warrant injunctive relief. *See Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) ("'An injunction is a matter of equitable discretion' and is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'") (quoting *Winter*, 555 U.S. at 376, 381). Furthermore, plaintiff's motion seeks relief that has no relation to the claims raised in this case. *See Pac. Radiation Oncology, LLC*, 810 F.3d at 633.

Additionally, plaintiff cannot enjoin Jones's counsel and law firm because they are not parties. *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the

---

[4] It appears that plaintiff is referring to this matter, *Rogers v. Bonta*, 2:22-cv-01157-TLN-JDP. Plaintiff has filed an identical motion in another case pending in the Eastern District, *Rogers v. Bonta*, 2:22-cv-00314-TLN-KJN at ECF No. 26. There, the assigned magistrate judge recommended denying plaintiff's motion for injunctive relief, since the court had previously recommended dismissing his complaint for failure to state a claim and because Longyear & Lavra is not a party to that action.

claim; it may not attempt to determine the rights of persons not before the court."). Similarly, this court lacks jurisdiction to enjoin Bonta and Sanchez because plaintiff has not properly served them. *See SEC v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007) ("[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process."). Finally, since I am recommending that plaintiff's complaint be dismissed for failure to state a claim, he is unlikely to be successful on the merits.

**IV.     Order to Show Cause Regarding Service for defendants Bonta and Sanchez**

Plaintiff commenced this action in July 2022. ECF No. 1. To date, neither Bonta nor Sanchez has responded to the complaint or otherwise appeared, but the docket reflects that plaintiff has not properly served either.

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Although a pro se litigant is generally afforded more latitude than a litigant represented by counsel, a party's pro se status does not constitute "good cause" for failing to timely effect service. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987) (holding that ignorance of service requirements does not constitute "good cause" for failure to timely effect service); *see also* E.D. Cal. L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules.").

On November 10, 2022, plaintiff filed a proof of service stating that he had served all defendants by First Class U.S. Postal Mail. ECF No. 14 at 3. Such service, however, is not proper for either defendant. Defendants Bonta and Sanchez are both sued in their official capacities and are officials of the California Attorneys General's Office. Under Rule(j)(2), a

6

"state-created governmental organization that is subject to suit," which includes both Bonta and Sanchez, can be served by delivering a copy of the summons and complaint to its "chief executive officer," or them personally. *See* Fed. R. Civ. P. 4(j)(2)(A). Alternatively, service can be effected by serving a copy of the summons and complaint in the manner prescribed by California law. *See* Fed. R. Civ. P. 4(j)(2)(B). Under California law, a government agency can be served by delivering a copy of the summons and complaint to "the clerk, secretary, president, presiding officer, or other head of its governing body" or by mailing a copy of the summons and complaint to the person to be served, with two copies of the Notice and Acknowledgment of Receipt of Summons and Complaint (the "Acknowledgment") and a pre-paid return envelope. *See* Cal. Code Civ. Proc. §§ 415.30, 416.50.

Currently, plaintiff has not properly served either Bonta or Sanchez, and because ninety days have elapsed since plaintiff commenced this action, he must demonstrate good cause for failure to timely effectuate service.

Accordingly, it is hereby ORDERED that:

1. Plaintiff shall show cause within fourteen days from the date of this order why his claims against defendants Bonta and Sanchez should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m).

2. Plaintiff is warned that failure to respond to this order will result in a recommendation that this action be dismissed without prejudice for failure to effect service of process.

3. Plaintiff's motion for alias summons, ECF No. 5, is denied as unnecessary.

Further, it is RECOMMENDED that:

1. Defendant's motion to dismiss, ECF No. 10, be granted, and plaintiff's claims against Jones be dismissed with leave to amend.

2. Plaintiff be granted thirty days from the date of any order adopting these findings and recommendations to file a second amended complaint.

3. Plaintiff's motion for injunctive relief, ECF No. 12, be denied.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

7

Eastern District of California. The parties may, within 14 days of the service of the findings and recommendations, file written objections with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: ____December 16, 2022____         _____
                                         JEREMY D. PETERSON
                                         UNITED STATES MAGISTRATE JUDGE