UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS,<br><br>        Plaintiff,<br><br>   v.<br><br>ROB BONTA, *et al.*,<br><br>        Defendants. | Case No. 2:22-cv-01157-TLN-JDP (PS)<br><br>**ORDER**<br><br>THAT DEFENDANT COOPER RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND THE CLERK'S OFFICE ADMINISTRATIVELY TERMINATE DEFENDANT SANCHEZ<br><br>ECF No. 26<br><br>RESPONSE DUE WITHIN TWENTY-ONE DAYS<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT DEFENDANT BONTA BE DISMISSED WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO EFFECT SERVICE<br><br>OBJECTIONS DUE WITH FOURTEEN DAYS |

     On December 19, 2022, the court ordered plaintiff to show cause why defendants Bonta and Sanchez should not be dismissed for failure to effect service of process within the time prescribed by Federal Rule of Civil Procedure 4(m). ECF No. 17. Plaintiff did not file a response. Thus, on February 27, 2023, the court again directed plaintiff to show cause why those

1

defendants should not be dismissed.  ECF No. 27.  Plaintiff filed a response to that order; however, his response did not explain why he failed to properly serve defendants Bonta and Sanchez.  ECF No. 29.  Accordingly, I will recommend that defendant Bonta be dismissed pursuant to Rule 4(m).[1]

If a defendant is not served within ninety days after a complaint is filed, the court must, after notice to the plaintiff, dismiss the unserved defendant without prejudice.  Fed. R. Civ. P. 4(m) (outlining the requirements for proper service and explaining that a district court may dismiss for failure to serve after providing notice and absent a showing of good cause for failure to serve).  Plaintiff has been afforded two opportunities to show good cause for his failure to serve defendant Bonta and he has not done so.  *See Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (noting that the burden of establishing good cause is on the plaintiff).

Plaintiff has not served Bonta within the required time period nor demonstrated good cause for his failure to do so; thus, I recommend that Bonta be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m).

Accordingly, it is hereby ORDERED that:

1. The Clerk of Court is directed to administratively terminate defendant Guadalupe Sanchez from this action.

2. Defendant Cooper is directed to file a response to plaintiff's second amended complaint, ECF No. 26, within twenty-one days.

Further, it is hereby RECOMMENDED that defendant Rob Bonta be dismissed without prejudice due to plaintiff's failure to serve him within the time period specified under Federal Rule of Civil Procedure 4(m).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

---

[1] Plaintiff has filed a second amended complaint. ECF No. 26. In that complaint, plaintiff neither lists Sanchez as a defendant nor asserts allegations against him. Accordingly, plaintiff has voluntarily abandoned his prior claims against Sanchez. The Clerk of Court is directed to administratively terminate defendant Sanchez.

2

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 9, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3