1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIM EDWARD ROGERS,

Plaintiff,

v.

ROB BONTA, *et al.*,

Defendants.

Case No.  2:22-cv-01157-TLN-JDP (PS)

**ORDER**

DENYING PLAINTIFF'S MOTIONS TO
CONSOLIDATE AND FOR A HEARING

ECF Nos. 45 & 53

**FINDINGS AND RECOMMENDATIONS**

THAT PLAINTIFF'S MOTION TO AMEND
BE DENIED, DEFENDANT'S MOTION TO
DISMISS BE GRANTED WITHOUT LEAVE
TO AMEND, AND PLAINTIFF'S MOTION
FOR JUDGMENT ON THE PLEADINGS BE
DENIED

ECF Nos. 31, 39, & 59

OBJECTIONS DUE WITHIN FOURTEEN
DAYS

Plaintiff, proceeding without counsel, brings this action against Jim Cooper, the Sheriff of

Sacramento.  The second amended complaint alleges that Cooper harmed plaintiff by enforcing a

California law that required plaintiff to register as a sex offender on California's Megan's Law

website.  ECF No. 26.  Pending before the court is defendant's motion to dismiss, ECF No. 31,

plaintiff's motion to amend, ECF No. 39, plaintiff's motion to consolidate, ECF No. 45,

plaintiff's motion for a hearing, ECF No. 53, and plaintiff's motion for judgment on the

1   pleadings, ECF No. 59.  I will deny plaintiff's motion to consolidate and for a hearing and

2   recommend that his motion to amend and motion for judgment on the pleadings be denied, and

3   that defendant's motion to dismiss be granted.

4       **I.   Motion to Amend**

5           Plaintiff seeks leave to amend his complaint pursuant to Federal Rule of Civil Procedure

6   15(a)(2).  ECF No. 39.  Plaintiff argues that he seeks to add claims, correct factual allegations,

7   and clarify certain claims.  ECF No. 29 at 1.  Plaintiff offers no specific reasons, however, why

8   leave to amend should be granted.

9           Plaintiff's proposed third complaint alleges claims against the County of Sacramento, the

10  City of Sacramento, Jim Cooper, and Katherine Lester.[1]  ECF No. 40.  The listed causes of

11  actions are Title VI of the Civil Rights Act of 1964; 42 U.S.C. § 1983; retaliation, under to the

12  First Amendment, unlawful search and seizure and excessive force, under to the Fourth

13  Amendment; the Fourteenth Amendment; trespass; and intentional and negligent infliction of

14  emotional distress.  The proposed complaint alleges in part that defendants engaged in an

15  "extended campaign of stalking, harassing, and 4th amendment violations.  These actions created

16  the unnecessary use of force, unlawful search and seizure and gross negligence enacted by the

17  County of Sacramento and City of Sacramento on, October 27, 2022 and January 17, 2024 on

18  Plaintiff."  *Id.* at 6.

19      **A. Legal Standard**

20          Rule 15(a)(2) directs that a court "should freely give leave [to amend a complaint] when

21  justice so requires."  Courts should generally be liberal in allowing a party to amend.  *Sonoma*

22  *Cnty. Ass'n of Retired Emples. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).  Leave to

23  amend should be denied only where there is strong evidence of "undue delay, bad faith or dilatory

24  motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

25  allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or]

26  futility of amendment . . . ."  *Id.* (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)) (alteration

27  ───────────────

28          [1] The proposed complaint contains no reference, apart from the caption, of defendant
    Lester.  Accordingly, it fails to state a claim against her.

2

in original).  A motion may be denied solely based on its futility.  *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.").

**B. Analysis**

Here, the *Forman* factors weigh against granting plaintiff's motion to amend.  First, plaintiff has filed three prior complaints and thus has had opportunities to amend his pleadings.  Second, there has been undue delay.  Plaintiff claims that his rights were violated first in October 2022, which was seventeen months before he filed this motion to amend, and in January 2024, which was nearly two months prior to his filing of this motion.[2]  Plaintiff offers no explanation for why he was unable to allege these claims in a prior complaint.

Finally, and most importantly, granting leave to amend would be futile.  The proposed complaint offers no specific factual allegations regarding plaintiff's new claims.  Plaintiff claims that defendants violated his constitutional rights, but he fails to provide any details concerning the alleged harms or who specifically committed the unspecified acts.  While plaintiff alleges that defendant Cooper "personally participated in an affirmative act and was personally aware of the alleged incident on January 17, 2024," the complaint does not describe either the affirmative act or the January incident.

Further, plaintiff has not stated a claim pursuant to *Monell* against either municipal defendant (the City of Sacramento or Sacramento County).  To state a claim under § 1983 against a public entity not personally involved in a constitutional violation, a plaintiff must allege a constitutional injury resulting from a "policy, practice, or custom of the local entity."  *Avalos v. Baca*, 517 F.Supp.2d 1156, 1162 (C.D. Cal. 2007) (citing *Monell v. Dep't of Soc. Srvs.*, 436 U.S.

---

[2] Plaintiff is litigating substantially similar claims in two cases in this district.  *See Rogers v. County of Sacramento*, 2:24-cv-00237-DJC-CKD (the complaint alleges claims related to a trespass that occurred on October 27, 2022, and January 17, 2024) and *Rogers v. County of Sacramento*, 2:24-cv-00387-DAD-DB (the complaint alleges claims related to a trespass that occurred on January 17, 2024).  While I make no determination as to the potentially duplicative nature of those actions, plaintiff is cautioned that he cannot maintain duplicative actions.  *See Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.") (internal quotations omitted).

1  658, 694 (1978)).  This type of claim can be asserted on three different bases.  First, a public

2  entity may be held liable when "implementation of . . . official policies or established customs

3  inflicts the constitutional injury." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th

4  Cir. 2010) (quoting *Monell*, 436 U.S. at 708 (Powell, J., concurring)).  Second, such liability may

5  arise when a failure to act amounts to "deliberate indifference to a constitutional right."  *Id.*

6  (internal quotation marks omitted).  Third, this type of liability may arise when "an official with

7  final policy-making authority . . . ratifies a subordinate's unconstitutional decision or action and

8  the basis for it."  *Id.* (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).

9         Relying on any of the three theories, a plaintiff must provide "sufficient allegations of

10  underlying facts to give fair notice and to enable the opposing party to defend itself effectively."

11  *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v.*

12  *Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Plaintiff has failed to do so.

13         The proposed complaint fails to allege the substance of an official policy or custom.

14  *Hernandez*, 666 F.3d at 637 (holding that bare allegations that government officials' actions

15  occurred pursuant to an official policy or custom is insufficient to state a *Monell* claim).

16  Moreover, plaintiff does not allege an omission by defendants that rises to the level of "deliberate

17  indifference to a constitutional right" because the proposed complaint lacks factual allegations

18  regarding defendants' failure to provide a "particular kind of training" that show a "deliberate

19  indifference to the possibility of a constitutional violation."  *See Dorger v. City of Napa*, 2012

20  WL 3791447, at *4 (N.D. Cal. 2012) (citing *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)

21  (discussing the pleading requirements for a *Monell* claim based on a failure to train).  Finally,

22  while the proposed complaint alleges that defendant Cooper was an individual with final

23  policymaking authority to ratify an unconstitutional decision, the complaint does contain

24  allegations of an unconstitutional action.  After weighing the *Forman* factors, the court

25  recommends that plaintiff's motion to amend be denied.

26

27

28

4

1

## II. Motion to Dismiss

Cooper moves to dismiss the second amended complaint without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]   ECF No. 31-1.   He argues that plaintiff's claims, which are brought against defendant in his official capacity, are based on conclusory allegations that fail to establish that plaintiff's civil rights were violated pursuant to a policy or custom.

### A. Second Amended Complaint

The first and second amended complaints are practically identical.[4]   *Compare* ECF Nos. 8 & 26.   The second amended complaint alleges that plaintiff's constitutional rights were violated when defendants enforced California Senate Bill 384, which amended California Penal Code section 290.46, against him.   ECF No. 26 at 5-6.   According to the plaintiff, the bill constitutes an ex post facto law, a bill of attainder, and impairs the obligations of contracts.   *Id.*

### B. Legal Standard

A complaint may be dismissed for "failure to state a claim upon which relief may be granted."   Fed. R. Civ. P. 12(b)(6).   To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).   The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.   *Iqbal*, 556 U.S. at 678.

---

[3] Two days after defendant filed his motion to dismiss, plaintiff filed a document titled, "Answer to the Court and all Defendants."   ECF No. 32.   It appears that defendant believed that document to be plaintiff's opposition and filed a reply, ECF No. 33.   Plaintiff later filed a document titled "Plaintiff's Objection to Motion to Dismiss by Defendant(s)."   ECF No. 35.   Defendant again filed a reply, ECF No. 38, in which defendant objects to plaintiff's filing as an untimely opposition to his motion to dismiss.   Given plaintiff's pro se status, I have considered both of plaintiff's filing in resolving defendant's motion.

[4] The main differences between the complaints are the named defendants.   The first amended complaint sued Scott Jones (the previous Sacramento Sheriff, who has been substituted in for Jim Cooper) and Guadalupe Sanchez and Rob Bonta, both of whom the court previously dismissed, ECF No. 37.

1    For purposes of dismissal under Rule 12(b)(6), the court generally considers only

2  allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

3  subject to judicial notice, and construes all well-pleaded material factual allegations in the light

4  most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710

5  F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The court

6  construes a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972)

7  (per curiam), and will only dismiss a pro se complaint "if it appears beyond doubt that the

8  plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Hayes*

9  *v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d

10  903, 908 (9th Cir. 2014)).

11    Dismissal under Rule 12(b)(6) can be based on either: (1) lack of a cognizable legal

12  theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d

13  at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the

14  claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

15  **C. Analysis**

16    The court's prior decision dismissing plaintiff's first amended complaint applies equally

17  to the second amended complaint. *See* ECF No. 17. Plaintiff has made no attempt to cure the

18  defects identified in the court's earlier order. The second amended complaint consists almost

19  entirely of legal conclusions, with only a few vague factual allegations. The only allegation

20  against Cooper is that he violated plaintiff's constitutional rights by enforcing a California law.

21  That allegation is too vague and conclusory to apprise defendant of the factual basis for each of

22  plaintiff's claims. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The

23  plaintiff must allege with at least some degree of particularity overt acts which defendants

24  engaged in that support the plaintiff's claim.").

25    I find that granting plaintiff another opportunity to amend would be futile. Plaintiff was

26  previously granted leave to amend and made no substantive changes to the second amended

27  complaint. Moreover, plaintiff has sought leave to amend, but as discussed *supra*, the proposed

28  amended complaint is futile. At this point, there is no reason to conclude that further amendment

1  would cure the deficiencies identified above.  Therefore, it is recommended that dismissal be

2  without further leave to amend.  *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir.

3  1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is

4  absolutely clear that the deficiencies of the complaint could not be cured by amendment.")

5  (internal quotation marks and citations omitted).[5]

6  **III.     Motion for Judgment on the Pleadings**

7         Plaintiff moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the

8  pleadings.  ECF No. 59.  Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are

9  closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

10  "Judgment on the pleadings is properly granted when [, accepting all factual allegations in the

11  complaint as true,] there is no issue of material fact in dispute, and the moving party is entitled to

12  judgment as a matter of law."  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

13         Since I am recommending that the second amended complaint be dismissed without leave

14  to amend, *see supra*, I also recommend denying plaintiff's motion for judgment on the pleadings.

15         Accordingly, it is hereby ORDERED that plaintiff's motion to consolidate, ECF No. 45,

16  and motion for a hearing, ECF No. 53, are denied as moot.

17         Further, it is RECOMMENDED that:

18         1. Defendant's motion to dismiss, ECF No. 31, be granted, and plaintiff's complaint be

19  dismissed without leave to amend.

20         2. Plaintiff's motion to amend, ECF No. 39, be denied.

21         3. Plaintiff's motion for judgment on the pleadings, ECF No. 59, be denied.

22         4. The Court of Clerk be directed to close this action.

23         These findings and recommendations are submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

25  service of these findings and recommendations, any party may file written objections with the

26  court and serve a copy on all parties.  Any such document should be captioned "Objections to

27

28         [5] Since this action should be dismissed without leave to amend, plaintiff's motion to
       consolidate, ECF No. 45, and motion for a hearing, ECF No. 53, are denied as moot.

Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 24, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE